**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JASON E. PECK,

                     Plaintiff,

v.

                                       Case No. 06-2470-KHV-DJW

CITY OF MISSION, KANSAS, et al.,

                     Defendants.

**PROTECTIVE ORDER**

NOW on this 24th day of April, 2007, the above-captioned matter comes on for consideration by the Court. The parties jointly request a Protective Order because they seek to discover and/or produce confidential information, documents and things including medical records, personnel files of parties and non-parties, criminal investigation records and non-public internal policies and procedures of law enforcement agencies.

Based on the request, and due to the nature of the allegations contained in Plaintiff's Complaint, the Court finds that it may be necessary for the parties to produce relevant information, documents and things pertaining to parties and non-parties considered to be confidential pursuant to the Kansas Open Records Act, and are recognized to be confidential by the Kansas Supreme Court in *Berst v. Chipman*, 232 Kan. 180 (1982); 42 U.S.C. § 1320(d) et. seq.; and 45 C.F.R. § 164.512(e)(1). Therefore, this Court finds good cause exists for entry of this Order.

       **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**:

1. This Protective Order shall govern confidential and non-public documents or other discovery materials consisting of

   a. Documents from the personnel file of any current or former employee of defendants other than plaintiff, or other confidential non-public documents which name or otherwise identify any such current or former employee of defendants other than plaintiff and

   b. Documents that contain financial or medical material of plaintiff or defendants,

which documents or materials are produced in response to any discovery requested or obtained by plaintiff or defendants in the above-captioned case and are designated "Confidential."

2. It is understood by the parties that all such documents specifically so designated by any party, and the information contained in such documents, are confidential as the documents contain confidential and non-public personal, financial and medical information.

3. All such documents so designated by any party, and the information contained in such documents, shall be treated as confidential by the parties, and shall be used solely for the prosecution or defense of this action. No such document, and no information contained in any such document, shall be disclosed to anyone, in any manner whatsoever, except as provided herein.

4. Nothing in the Protective Order shall be construed to prevent counsel for either party from disclosing such documents, and the information contained in such documents, to persons assisting counsel in the preparation or presentation of either party's case, or from exhibiting any such documents or confidential information to said persons assisting counsel or to deponents during the course of their depositions, or to court reporters. Nothing in the Protective Order shall prevent plaintiff or defendants from using for any other business purpose of plaintiff or defendants the documents or the information contained therein which it produces to plaintiff or defendants.

5. Disclosure shall not be made of any such document to any individual including expert witnesses (but excluding counsel or support staff) unless and until counsel shall have first presented to such individual a copy of the Protective Order. All counsel shall require such person to read the Protective Order and all counsel shall require such person to acknowledge reading and understanding the terms of the Protective Order by placing his or her signature on a separate sheet attached to the Protective Order.

6. The parties may consent that a document produced pursuant to discovery may be removed from the scope of the Protective Order. Such consent shall be indicated in writing addressed to the opposing counsel.

7. If a party considers a document not to be confidential and desires the removal of such designation, counsel for that party shall discuss the matter with the opposing counsel to ascertain if confidentiality by agreement may be lifted or narrowed. If agreement of counsel cannot be had, then the Court may, upon application, make such order as is appropriate in the circumstances.

8. It is further understood that no copies shall be made of any documents produced by either party, unless necessary in connection with this litigation.

9. The termination of proceedings in this action shall not relieve the parties rom the obligations of the Protective Order, unless the Court orders otherwise.

10. This Order is not rendered to the prejudice of either party to seek further protective orders throughout the process of discovery or otherwise during this litigation.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 24th day of April, 2007.

                                                s/ David J. Waxse
                                                David J. Waxse
                                                United States Magistrate Judge

cc:   All counsel and *pro se* parties


**APPROVED BY:**

FISHER, PATTERSON, SAYLER & SMITH, LLP

  /s/ Michael K. Seck, #11393
Michael K. Seck, #11393
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas  66210
(913) 339-6757 / (913) 339-6187 (FAX)
mseck@fisherpatterson.com
ATTORNEYS FOR DEFENDANTS
CITY OF MISSION, KANSAS,
SUZANNE GIBBS, AND RANDY WILSON

KNOX, JOHNSON, ROCKWELL & BABBIT, CHTD.

/s/ Mark B. Rockwell
Mark B. Rockwell
1425 Oread West, Suite 105
Lawrence, Kansas 66049
(785) 841-8282/Fax: (785) 841-8686
mrockwell@sunflower.com
**ATTORNEYS FOR PLAINTIFF**
**JASON PECK**

SANDERS CONKRIGHT & WARREN, LLP

/s/ James D. Conkright
James D. Conkright
9401 Indian Creek Parkway, Suite 1250
Corporate Woods, Building 40
Overland Park, Kansas 66210
(913) 234-6100\Fax: (913) 234-6199
jdc@sanconwar.com
**ATTORNEYS FOR DEFENDANTS**
**MEYERS, SCHWERY, DAVIS, AUGUSTINE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JASON E. PECK,

                    Plaintiff,

v.                                                                            Case No. 06-2470-KHV-DJW

CITY OF MISSION, KANSAS, et al.,

                    Defendants.

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read the provisions of the Protective Order (the "Order") entered by the Court in this action on _____, 200___ and agrees to be bound by the terms of the Order. Specifically,

      1.      I agree that I will use records and information subject to the Order only for purposes of this case, including any appeals, and not for any other purpose;

      2.      I agree that I will disclose records and information protected by the Order only to the Court, the parties to this case and their attorneys of record, persons regularly in the employ of such attorneys, and any experts or consultants hired for this case by the parties or their attorneys and who (with the exception of the Court and the parties' employees or counsel) have signed an Acknowledgment Form like this one;

      3.      I agree that I will abide by all other terms of the Order;

      4.      I hereby confirm that my obligations under this Acknowledgment shall survive the termination of this case and are binding upon me for all time.

      Dated: _____

      Signature: _____

      Printed Name: _____